144 So. 926

## Lowe SLATER v. STATE.
### 4 Div. 942.

Court of Appeals of Alabama.
Nov. 29, 1932.

Sollie & Sollie, of Ozark, for appellant.
Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of murder in the second degree; his punishment fixed at imprisonment in the penitentiary for the term of ten years.

Any defendant may appeal from any judgment of conviction in the circuit court, either to the Supreme Court or to this court. Code 1923, § 3236. Whenever any appeal is so taken, it becomes the duty of the appellate court to "consider all questions apparent on the record or reserved by bill of exceptions, and * * * render such judgment as the law demands," this without the necessity of appellant assigning errors, etc. Code 1923, § 3258.

In the instant appeal we have proceeded, and do now proceed, in accordance with the provisions of the Code section just next above cited.

We are unable to see that a discussion of the testimony in the case, or the various and numerous questions apparent, would be helpful. No brief has been filed on behalf of appellant, but the Attorney General has furnished us with an excellent brief discussing every exception, or practically every one, reserved by the bill of exceptions. The answer to each question thus presented is, it seems to us, so obviously without benefit to appellant, that it would be a useless consumption of time and space for us to give them seriatim, or specific, treatment. Let it suffice to say that no error of a prejudicial nature is shown in any ruling thus brought in question.

The trial court gave what appears to us to have been an unusually clear and explicit oral charge to the jury; correct—at least unquestioned, and without error prejudicial to appellant—in every particular. In addition it gave to the jury numerous written charges which were requested by him. Every phase of the applicable law was fully and correctly covered.

There was prejudicial error in the refusal of no one of the other written charges requested by appellant.

Every step in the proceedings leading to the judgment of conviction seems to us to have been taken in a proper manner. And, since we can find nowhere a prejudicially

**680**

erroneous ruling, the said judgment is affirmed.

Affirmed.